UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ML No: 25-536 |

*Reference:*   DOJ Ref. # CRM-182-87477

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney E. Lee, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal. In support of this application, the United States asserts:

RELEVANT FACTS

1. The Central Authority of Portugal, the Prosecutor-General's Office, International Cooperation Department, submitted a request for assistance (Request) to the United States, pursuant to the principles of comity and reciprocity.

2. As stated in the Request, the Public Ministry, Central Department of Investigation and Criminal Action in Mafra, Portugal is investigating known and unknown suspects for fraud, allegedly occurring on or about between May, 2018 – July, 2018, in violation of the criminal law

of Portugal, specifically, articles 217 and 218 of the Portuguese Criminal Code. Although the United States has no treaty obligation to assist Portugal, it generally does so as a matter of comity.

3. According to Portuguese authorities, in May 2018, the complainant, a Portuguese commercial company engaged in the wholesale trade of frozen food products, imports, and exports, was contacted by a suspect, who represented an Indonesian frozen fish production company. The suspect offered to sell the complainant 18 tons of deep-frozen whole octopus for 143,622 USD, which the complainant accepted.

4. The suspect indicated that his company required the complainant to immediately transfer 20% of the product price, or 28,724 USD to cover shipment costs, and the remainder of the price would be paid at the time of delivery, thirty days after receipt of the 20% deposit. On May 16, 2018, the complainant transferred 28,724 USD to Standard Chartered Bank New York account ending in 8590, at the suspect's direction. Thirty days after the 20% deposit was transferred, the complainant had not received the octopus and contacted the suspect to enquire. The suspect indicated the octopus would be shipped on July 31, 2018 by shipping company "APL," and provided a shipment tracking number. When a week had passed after the original shipment date, the complainant checked the shipment tracking number provided and found that APL had picked up the octopus on July 31, 2018, however, the details on APL's website indicated that the shipper was not the suspect company, but a third company the complainant had not contracted with. Almost simultaneously, the suspect contacted the complainant and asked for the remaining 80% payment in order to ship the octopus. The complainant, having observed that the octopus had been picked up and shipped already, realized they were the victim of fraud. The octopus was never delivered to the complainant.

5.      To further the investigation, Portuguese authorities have asked U.S. authorities to provide bank records pertaining to Standard Chartered Bank account number ending in 8590, and to interview the account holder, if located in the United States.

## LEGAL BACKGROUND

6.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*          \*          \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*          \*          \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[3] Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

9.      Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or to produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

10.     The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor-General's Office, International Cooperation Department, the designated Central Authority in Portugal, and seeks assistance in the investigation of fraud – a criminal offense in Portugal.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and an interview, falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

11.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.  When executing a foreign request for assistance in a criminal matter,

Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients. Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

12. Further, the request as to notice is reasonable. As explained above, this Request concerns an ongoing criminal investigation pursuant to foreign law in the requesting country. Foreign investigations are often lengthy, and the Government does not have ready access to the status of such investigations. In addition, the Government will need to serve the commissioner's subpoena(s) on the relevant person(s) and/or entity(ies), to obtain the responsive documents, to resolve any issues or questions regarding the production, and to send the documents to the appropriate authority in Portugal. The appropriate authority in Portugal will then have to provide the documents, which may have to be translated, to the prosecutor and/or the investigator assigned to the particular matter, who will need time to review the information provided, to pursue any investigative leads, and, possibly, to seek additional evidence prior to disclosure of the specific assistance sought by Portuguese authorities.

13. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney E. Lee, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

    Respectfully submitted,

    VAUGHN A. ARY
    DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    OK Bar Number 12199

By: _____
    Courtney E. Lee
    Trial Attorney
    D.C. Bar Number 241291
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W.
    Washington, D.C. 20530
    (202) 305-6761
    Courtney.Lee2@usdoj.gov